```
          UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RUSSELL COLEY,                    :   CIVIL NO. 3:05-CV-2290
                                  :
          Plaintiff               :   (Judge Conaboy)
                                  :
     v.                           :   (Magistrate Judge Smyser)
                                  :
JEFFREY BEARD,                    :
PA. DEPT. OF CORRECTIONS, and     :
COMMONWEALTH OF PENNSYLVANIA,     :
                                  :
          Defendants              :
```

**REPORT AND RECOMMENDATION**


The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on November 3, 2005.  The petitioner is challenging the constitutionality of the procedures used by the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole to determine his eligibility and suitability for parole.


The defendants named in the complaint are Jeffrey Beard, the Secretary of the Pennsylvania Department of Corrections; the Pennsylvania Department of Corrections; and

the Commonwealth of Pennsylvania.[1]  The plaintiff alleges that he is challenging the criteria used to determine his eligibility and suitability for parole.  He also alleges on the coverpage to his complaint that the parole procedures used violate the Fifth Amendment by soliciting a self-incriminating signed confession from a state prisoner who is simultaneously seeking relief from his conviction.  The plaintiff is seeking declaratory and injunctive relief as well as monetary damages.

On February 27, 2006, the defendants filed a motion to dismiss the complaint and a brief in support of that motion.

---

[1] Although the docket sheet and prior orders in this case list the Pennsylvania Attorney General as a defendant, the Pennsylvania Attorney General is not named as a defendant in the complaint.  It appears that the Pennsylvania Attorney General was added to the docket because the case was initially incorrectly docketed as a 28 U.S.C. § 2254 habeas case rather than a 42 U.S.C. § 1983 case.  The plaintiff makes clear that he is not seeking habeas relief - immediate or speedier release from custody - but that he is only challenging the parole eligibility and suitability criteria used to deny him parole. Pursuant to *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the plaintiff may challenge parole eligibility and suitability criteria by way of 42 U.S.C. § 1983.

2

On March 9, 2006, the plaintiff filed a brief in opposition to the motion to dismiss.  No reply brief has been filed.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief

3

can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

The defendants contend that the claims against the Commonwealth of Pennsylvania and the Pennsylvania Department of Corrections are barred by the Eleventh Amendment.

>The Eleventh Amendment provides:
>
>The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village of Noatak*, 501

4

U.S. 775, 779 (1991)).  That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.*  Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment.  *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam).  However, a state may waive its Eleventh Amendment immunity by consenting to suit and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The Pennsylvania Department of Corrections is a state agency. *See* 71 P.S. § 61.  The Commonwealth of Pennsylvania

5

has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).  Accordingly, the plaintiff's claims against the Commonwealth of Pennsylvania and the Pennsylvania Department of Corrections are barred by the Eleventh Amendment.

Defendant Beard contends that he is entitled to Eleventh Amendment immunity from the plaintiff's claims for monetary damages against him in his official capacity.

Claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

The plaintiff's claim for monetary damages against defendant Beard in his official capacity is barred by the Eleventh Amendment.  Claims against defendant Beard in his

6

official capacity for prospective injunctive relief and claims against defendant Beard in his individual capacity for monetary damages are not barred by the Eleventh Amendment.

Defendant Beard contends that the claims against him that are not barred by the Eleventh Amendment should be dismissed because the plaintiff has not alleged personal involvement on his part in the denial of parole. We agree.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A 42 U.S.C. § 1983 action against state supervisory officials requires allegations that the defendants actually

7

participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The plaintiff has not alleged that defendant Beard was personally involved in either establishing or applying the criteria used to determine if the plaintiff was entitled to parole. Accordingly, the complaint fails to state a claim upon which relief can be granted against defendant Beard.

Based on the foregoing, it is recommended that the defendants' motion (doc. 16) to dismiss the complaint be granted and that the case file be closed.

                                              ***/s/ J. Andrew Smyser***
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated: May 9, 2006.