UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
RUSSELL COLEY,                        :
                                      :
        Plaintiff,                    :CIVIL ACTION NO. 3:05-CV-2290
                                      :
        v.                            :(JUDGE CONABOY)
                                      :(Magistrate Judge Smyser)
JEFFREY BEARD,                        :
PA. DEPT. OF CORRECTIONS, and         :
COMMONWEALTH OF PENNSYLVANIA,         :
                                      :
        Defendants.                   :
```
_____

## **MEMORANDUM**

Here we consider Magistrate Judge Smyser's Report and Recommendation, (Doc. 20-1), concerning Plaintiff Russell Coley's 42 U.S.C. § 1983 action filed against Defendants Jeffrey Beard, the Pennsylvania Department of Corrections and the Commonwealth of Pennsylvania, (Doc. 1).  For the reasons discussed below, we also consider the Magistrate Judge's denial of Plaintiff's Motion for Appointment of Counsel.[1]  (Doc. 21.)  Plaintiff is an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania.  In his Complaint, Plaintiff "challenge[s] the joint practices of the Pennsylvania Dept. of Corrections and Board of Probation and Parole criteria as unconstitutional in determining my eligibility and suitability for parole for which I am eligible on November 24, 2005."  (Doc. 1 at

---

[1]   The Magistrate Judge denied Plaintiff's Motion to Appoint Counsel, (Doc. 15), by Order of May 9, 2006.  (Doc. 21.)

1

3.)  The Magistrate Judge recommends that the Court grant Defendants' Motion to Dismiss, (Doc. 16-1), because the Complaint fails to state a claim upon which relief may be granted against any Defendant.  (Doc. 20-1.)

Plaintiff has filed objections to the Report and Recommendation.  (Doc. 22.)  When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed.  *See Thomas v. Arn*, 474 U.S. 150-53 (1985).  When a plaintiff files objections to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made.  *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).  As to the matters to which a plaintiff has filed no objection, the district court is required only to review the record for "clear error."  *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  Therefore, we will review the issues raised in Plaintiff's objections *de novo* and otherwise review for clear error.

Having considered Plaintiff's objections, we conclude that they are without merit.  We note that in Plaintiff's Objections, he takes issue with the Magistrate Judge's denial of his Motion to Appoint Counsel.  (Doc. 22 ¶¶ 1, 4.)  Therefore, we will address

2

the Magistrate Judge's Order denying that motion, (Doc. 21), as well as the Report and Recommendation, (Doc. 20).  Because we find no merit in Plaintiff's objections and find no clear error in the Magistrate Judge's conclusions regarding the matters to which Plaintiff has not objected, we adopt the Report and Recommendation, (Doc. 20-1), grant Defendants' Motion to Dismiss, (Doc. 16-1), and affirm the Magistrate Judge's Order denying appointment of counsel, (Doc. 21).

## **I. Background**

Plaintiff's Complaint and Defendants' Brief in support of the motion to dismiss provide very little factual background.  From the Complaint and attachments thereto, we can determine that the Pennsylvania Board of Probation and Parole ("Board") denied Plaintiff parole on September 20, 2005, based on, among other things, the  recommendation of the Department of Corrections and Plaintiff's institutional behavior, including reported misconducts or CCC failure.  (Doc. 1 at 5.)  The Board indicated that Plaintiff would be reviewed again "in or after June 2006," (*id.*), and the Board would then particularly consider whether Plaintiff had successfully completed a treatment program for substance abuse and whether he received a favorable recommendation from the Department of Corrections, (*id.*).  In Plaintiff's Complaint, he asserts that he sought review of the Board's decision on October 12, 2005, and, as of October 29, 2005, he had received no response.  (Doc. 1 at

3

3.)  He sought this review subsequent to an "Inmate's Request to Staff Member" dated October 10, 2005, in which he complained of the Board's September 20, 2005, decision and expressed his desire to appeal the decision.  (Doc. 1 at 4.)  In this request, Plaintiff states that a misconduct issued on September 3, 2005, was under appeal.  (*Id.*)  He also states that the Department of Corrections denied his request to transfer to another facility where he could have completed substance abuse treatment for no valid reason.  (*Id.*)

In its entirety, Plaintiff's Statement of Claim reads as follows:

> I, Russell Coley, challenge the joint practices of the Pennsylvania Dept. of Corrections and Board of Probation and Parole criteria as unconstitutional in determining my eligibility and suitability for parole for which I am eligible on November 24, 2005.
>
> This is not a habeas corpus relief issue and I'm not seeking this Honorable Court, in whose jurisdiction I was sentenced, to compel my release but rather to determine if in fact, declaratory and injunctive relief is available on review.

(Doc. 1 at 3.)

Under "relief sought," Plaintiff states that he is "seeking court appointed counsel and review of the Department of Corrections and Parole and Probation Board's procedures to see if they have violated my civil rights under the United States Constitution and its amendments.  If so, monetary damage in excess of

$1,000,000.00."  (Doc. 1 at 3.)

In the cover letter to which his Complaint is attached, Plaintiff states that he is

> challenging the constitutionality of the state parole procedures and seeking declaratory and injunctive relief, as these procedures violate in several respects; namely the Fifth Amendment of the Federal Constitution in soliciting via a self-incriminating signed confession from state prisoner who is simultaneously seeking relief from conviction of sentence in a direct appeal, appellate review and or by post conviction remedies.

(Doc. 1 at 1.)

Plaintiff's brief submitted in opposition to Defendants' Motion to Dismiss provides more factual background.  (*See* Doc. 18.) He states that Defendant Beard was personally involved in the events that led to his injuries because

> Defendant Beard was personally involved in approving, adopting, and maintaining a policy at SCI-Mahanoy of randomly denying eligible inmates programs for which they meet the criteria and are likely to complete thereby increase [sic] their favorable chances of parole and ignoring the requests of model prisoners such as Mr. Coley has demonstrated himself to be, in their effort to avoid potentially violent and life threatening situation.  And denial of Mr. Coley's right to due process while in Disciplinary Custody further points to a factual basis for plaintiff [sic] right to relief.  (see attachments as Exhibits A,B,C, etal [sic] seq.)
>
> As a result of this policy Mr. Coley, who prior to July 24, 2005 incident had full institution recommendation for parole, had

5

> completed part of prescriptive programs and
> was enrolled in substance abuse program, was
> a candidate not only for parole but to show
> forth by example a rehabilitated productive
> member of society who in no concievable [sic]
> way was or posed a threat to himself or the
> interests of the Commonwealth of Pennsylvania
> and it's [sic] citizens.  Mr. Coley on
> several occasions requested verbally and in
> writing to be moved from the cell with Leroy
> Jesse James a violent parole violator on
> documented dates but in conscious disregard
> of his constitutional rights to be free from
> cruel and unusual punishment those cries went
> ignored, placing him in a life threatening
> situation.  It was Mr. Coley who pushed the
> emergency call button to summon the block
> officer in fear for his safety.  Being denied
> a right to due process on every level this
> miscarriage of justice was upheld and he
> exhausted all his administrative remedies.
>
> Furthermore the class 2 misconduct for
> which Mr. Coley was wrongfully cited did not
> warrant him being placed in Disciplinary
> Custody and was an egregious abuse of
> discretion by the defendant which
> subsequently led to a misapplication [sic] of
> the law and criteria to determine his
> candidacy for parole.  Mr. Coley also alleges
> that Defendant Beard was responsible for the
> day to day operation of the State
> Correctional Institution at which he is
> incarcerated.

(Doc. 18 at 2-4.)

Plaintiff raises four objections to the Magistrate Judge's finding that his Complaint should be dismissed.  (Doc. 22.)  First, Plaintiff notes that the Magistrate Judge clarified that the Attorney General is not a party in this case but did not acknowledge that counsel for Defendants is Francis R. Filipi, Deputy Attorney General "while denying Petitioner's/Plaintiff's

6

Motion to Appoint Counsel." (Doc. 22 ¶ 1.) In Plaintiff's second objection, he states that the Magistrate Judge is recommending dismissal based on a motion filed by the Office of the Attorney General "whom it unambiguously states is not a party in this matter." (Doc. 22 ¶ 2.) Third, Plaintiff states that the Defendants invoke sovereignty and protection from suit under the Eleventh Amendment "whereas it excuses violations of Petitioner's 8th & 14th Ammendment [sic] by these very same defendants." (*Id.* ¶ 3.) Fourth, Plaintiff claims that, "as a Pro Se litigant, I am being denied equal protection and due process under the law. I am requesting reconsideration of my application to appoint counsel and requesting a De Novo Hearing." (*Id.* ¶ 4.)

## **II. Discussion**

### *A. Motion to Dismiss Standard*

As noted above, in reviewing Plaintiff's objections, we use a *de novo* standard. Concerning objections to the Magistrate Judge's conclusion in the Report and Recommendation that the Court should grant Defendants' Motion to Dismiss, we will consider Plaintiff's objections in the context of the well-established standard for determining whether a motion to dismiss is proper.

A party may move to dismiss a claim or claims set forth in a plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." The purpose of a motion to dismiss is to test the

7

legal sufficiency of the Complaint.  *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987).  In rendering a decision on a motion to dismiss, a court must accept as true all of the plaintiff's factual allegations and all reasonable inferences that can be drawn from them.  *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *White v. Napolean*, 897 F.2d 103, 106 (3d Cir. 1990).  A court should not inquire whether "the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  A claim should not be dismissed under Rule 12(b)(6) unless it appears that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46. *Conley* also noted that the Federal Rules require only notice pleading.  *Id.* at 47-48.  Therefore, it is sufficient if the plaintiff sets forth a short and plain statement of the facts that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  *Id.*  However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted).

**B.   *Plaintiff's Objections to the Report and Recommendation***

Plaintiff's first objection notes that the Magistrate Judge clarified in his Report and Recommendation that the Attorney

General is not a party in this case but did not acknowledge that counsel for Defendants is Francis R. Filipi, Deputy Attorney General "while denying Petitioner's/Plaintiff's Motion to Appoint Counsel."  (Doc. 22 ¶ 1.)  In Plaintiff's second objection, he states that the Magistrate Judge is recommending dismissal based on a motion filed by the Office of the Attorney General "whom it unambiguously states is not a party in this matter."  (*Id.* ¶ 2.)

Plaintiff's first and second objections, to the extent they involve the Report and Recommendation, are really observations rather than objections.  There being no legal error in a Deputy Attorney General representing Defendants, further discussion is not warranted.

Plaintiff's remaining objections suffer from a similar deficiency - they are so vague and lacking in legal foundation that they are more commentary than recognizable substantive objection.

Plaintiff's third objection states that the Defendants invoke sovereignty and protection from suit under the Eleventh Amendment "whereas it excuses violations of Petitioner's 8th & 14th Ammendment [sic] by these very same defendants."  (Doc. 22 ¶ 3.)  In this objection, Plaintiff apparently finds Eleventh Amendment immunity unfair in the face of alleged constitutional violations.  As thoroughly explained in the Report and Recommendation, jurisprudence regarding Eleventh Amendment immunity clearly forecloses Plaintiff's suit against the Commonwealth and Department

of Corrections.  (Doc. 20-1 at 4-6.)  Similarly, Defendant Beard is entitled to immunity from Plaintiff's claims for monetary damages against him in his official capacity.  (*Id.* at 6.)

Plaintiff does not argue that the Magistrate Judge incorrectly determined that the Commonwealth and the Department of Corrections are not subject to suit in this § 1983 action.  (*See* Docs. 18, 22.) Plaintiff's simple dissatisfaction with the outcome of the application of legal principle as expressed in his third objection is not a valid basis for objection and will not be considered further.

To the extent that this objection can be interpreted to object to the Magistrate Judge's finding that Defendant Beard is not otherwise liable, we will review the Magistrate Judge's finding on this issue.

The Magistrate Judge correctly concluded that the claims against Defendant Beard in his official capacity for prospective injunctive relief and claims against Defendant Beard in his individual capacity for monetary damages are not barred by the Eleventh Amendment.  (Doc. 20-1 at 6-7); *see Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2003).  The Magistrate Judge then found that Plaintiff's claims against Defendant Beard did not allege personal involvement and *respondeat superior* liability could not be imposed under § 1983.  (Doc. 20-1 at 7-8.) In so finding, the Magistrate Judge impliedly rejected Plaintiff's

10

argument that he had sufficiently alleged Defendant Beard's personal involvement in causing the asserted injury, (*see* Doc. 18 at 2-4).

No personal involvement is indicated in Plaintiff's Complaint. (*See* Doc. 1.)  As recited above in the Background section of this Memorandum, the personal involvement asserted in Plaintiff's brief opposing Defendants' Motion to Dismiss is Defendant Beard's alleged involvement in

> approving, adopting, and maintaining a policy at SCI-Mahanoy or randomly denying eligible inmates programs for which they meet the criteria and are likely to complete thereby increase [sic] their favorable chances of parole and ignoring the requests of model prisoners such as Mr. Coley has demonstrated himself to be, in their effort to avoid potentially violent and life threatening situation.  And denial of Mr. Coley's right to due process while in Disciplinary Custody further points to a factual basis for plaintiff [sic] right to relief.  (see attachments as Exhibits A,B,C, etal [sic] seq.)[2] . . . Mr. Coley also alleges that Defendant Beard was responsible for the day to day operation of the State Correctional Institution at which he is incarcerated.

(Doc. 18 at 3-4.)

The sparseness of Plaintiff's claim in his Complaint, (Doc. 1 at 3), and the vagueness of the allegations made in his opposition brief, (Doc. 18), do not make out a claim of Defendant Beard's

---

[2] Although Plaintiff cites attached Exhibits, no exhibits were filed with Document 18.

11

direct involvement in Plaintiff's claimed injury. Even under the liberal pleading standard of *Haines v. Kerner*, 404 U.S. 519 (1972), Plaintiff's allegations are simply insufficient to permit an inference that Defendant Beard, the Secretary of Corrections, was personally involved. Plaintiff's filings are more in the nature of a fishing expedition where he would have the Court accept as factual allegations what are more accurately characterized as bald assertions or legal conclusions and assume the role of advocate in fashioning a legal theory for him. Consistent with the Third Circuit's limitation of acceptable pleading in *Morse*, 132 F.3d at 906, many courts have noted that even though *pro se* pleadings are liberally construed, courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations.[3]  *See*, *e.g.*, *Rios v. City of Del Rio,*

---

[3]  Although we do not decide this case on the merits of any potential claim which could be conjured from Plaintiff's submissions, we note that, even under the most liberal reading, no constitutional right has been implicated. A prisoner has no liberty interest in parole, and, although a parole decision may give rise to some constitutional considerations, such is not the case here. *See*, *Burkett v. Love*, 89 F.3d 135, 139-40 (3d Cir. 1996); *Thorpe v. Grillo*, No. 00-3141 80 Fed. Appx. 215, 218-19 (3d Cir. Oct. 31, 2003) (not precedential). The Fifth Amendment's self-incrimination prohibition is not implicated here. *McKune v. Lile*, 536 U.S. 24, 44 (2002) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (1976) ("States may award good-time credits and early parole for inmates who accept responsibility because silence in these circumstances does not automatically mean the parole board, which considers other factors as well, will deny them parole."); *see also Thorpe*, 80 Fed. Appx. at 219-20. Nor is the equal protection clause implicated. *See*, *e.g.*, *Burkett*, 89 F.3d at 139-40. Finally, individuals serving criminal sentences have no constitutional right to rehabilitation, including drug treatment,

*Texas*, 444 F.3d 417, 421 (5th Cir. 2006) (listing cases).

Based on the foregoing discussion, we conclude that the Magistrate Judge correctly found that Plaintiff's § 1983 action cannot go forward against any Defendant.[4]  Therefore, we concur with the Magistrate Judge's recommendation that Defendant's Motion to Dismiss should be granted.[5]

## C. Plaintiff's Objection to the Magistrate Judge's Order Denying his "Motion to Appoint Counsel"

Plaintiff's fourth objection includes a request for reconsideration of his application to appoint counsel. (Doc. 22 ¶ 4.)  The Magistrate Judge's Order denying Plaintiff's Motion was issued on the same date and subsequent to the filing of the Report and Recommendation.  (*See* Doc. 21.)  The Magistrate Judge's reason for denial of the appointment of counsel motion was the Report and Recommendation's conclusion that Defendants' motion to dismiss

---

while in prison.  *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995); *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 1002 (D. Del. 1995).

[4]  Plaintiff's brief also argues that the Court has jurisdiction over state tort law claims raised against Defendant Beard.  (Doc. 18 at 4.)  We do not read Plaintiff's Complaint to raise any such claims, but, assuming *arguendo* that it does, we decline supplemental jurisdiction based on our conclusion that dismissal of Plaintiff's § 1983 action is proper.

[5]  Based on this conclusion, insofar as Plaintiff's fourth objection's claim of denial of "equal protection and due process under the law," (Doc. 22 ¶ 4), may relate to issues discussed in the Report and Recommendation, we find it to be without merit.

13

should be granted.  (*Id.*)

The Magistrate Judge's basis for the denial of the Motion to Appoint Counsel is proper.  The Third Circuit Court of Appeals has stated that, as a threshold matter, a claim must have arguable merit in fact and law before a district court is justified in exercising its discretion in favor of appointment of counsel for an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  Therefore, the Magistrate Judge's recommendation that the case should be dismissed made denial of his request for appointment of counsel proper.

### III. Conclusion

Based on the discussion above, we adopt the Report and Recommendation, (Doc. 20-1), grant Defendants' Motion to Dismiss, (Doc. 16-1), and affirm the Magistrate Judge's Order denying appointment of counsel, (Doc. 21).  An appropriate Order follows.


                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: June 13, 2006

```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

RUSSELL COLEY,                        :
                                      :
       Plaintiff,                :CIVIL ACTION NO. 3:05-CV-2290
                                      :
       v.                        :(JUDGE CONABOY)
                                      :(Magistrate Judge Smyser)
JEFFREY BEARD,                        :
PA. DEPT. OF CORRECTIONS, and         :
COMMONWEALTH OF PENNSYLVANIA,         :
                                      :
       Defendants.               :
_____

## **ORDER**

AND NOW, THIS 13 th DAY OF JUNE 2006, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation, (Doc. 20-1), is ADOPTED;

2. Defendants' Motion to Dismiss, (Doc. 16-1), is GRANTED;

3. Plaintiff's action filed pursuant to 42 U.S.C. § 1983 is DISMISSED;

4. The Magistrate Judge's Order denying appointment of counsel, (Doc. 21), is AFFIRMED;

5. Any appeal from this Order will be deemed frivolous;

6. The Clerk of Court is directed to close this case.

                                    S/Richard P. Conaboy
                                      RICHARD P. CONABOY
                                      United States District Judge